IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALEC DAVID BARNETT, JR., Parent and Next Friend of R.P., a minor,** *et al,* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.   ) | Civil Action No. 13-0470-KD-M |
| ) | |
| **BALDWIN COUNTY BOARD OF** ) | |
| **EDUCATION,** *et a*l., ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This action is before the Court on the second motion to dismiss filed by Defendants Baldwin County Board of Education, Dr. Alan T. Lee, Norman Moore, Robert Callahan, Jr., David Cox, David Tarwater, Elmer McDaniel, Angie Swiger, Shannon Cauley, and Lee Mansell (Defendants) (doc. 55); Plaintiffs' response (doc. 57); and Defendants' reply (doc. 58). Upon consideration, and for the reasons set forth herein, the motion is GRANTED. Accordingly, the claims brought by plaintiff Lenora Chapman, as parent and next friend of D.C., a minor, are dismissed with prejudice for failure to prosecute and failure to obey the orders of this Court. This action will proceed only as to the remaining co-plaintiff Lenka Lampkin, parent and next friend of R.L., a minor.

Chapman and Lampkin filed their fourth amended complaint against Defendants claiming that they had violated Title VI of the Civil Rights Act of 1964, the Equal Protection Clause, and the Fourth Amendment to the U.S. Constitution (Counts I, II, III, IV) on basis of race as to their children D.C. and R.L. Chapman and Lampkin also raised state law claims of false imprisonment of D.C. and R.L. (Counts V and VI). (Doc. 51)

Defendants filed their first motion to dismiss for failure to prosecute after Chapman and D.C. failed to attend an agreed-upon and duly noticed deposition on January 28, 2015[1] (doc. 47). At the deposition, Chapman's counsel explained that he was unable to locate her prior to the deposition, but would continue his attempts to locate and contact Defendants on February 3, 2015, to advise as to whether he had located Chapman and D.C. and if so, provide a date, time and location for their deposition (doc. 47-1, Deposition Transcript). Defendants did not hear from Chapman's counsel and on February 9, 2015, filed their first motion to dismiss for failure to prosecute based on the failure to attend the deposition. In response, Chapman argued that contact with counsel had been reinstated, that counsel had a new address and contact number, and that she would be available for deposition on a mutually agreed date and location (doc. 49).

The motion to dismiss was denied on basis that Chapman had not shown a clear pattern of delay or willful contempt (doc. 52). Also, Chapman represented to the Court and opposing counsel that she would be available for a deposition at a mutually agreed upon date and time. Based on that representation, the Court re-opened discovery for the limited purpose of deposing Chapman and D.C., ordered Chapman to appear for a deposition on or before March 20, 2015, and extended the deadline for motions for summary judgment.

In addition, Chapman was warned that failure to attend the deposition might result in dismissal of this action with prejudice for failure to prosecute and failure to obey an order of this Court. The order stated as follows:

> Chapman is warned that failure to attend the deposition may result in dismissal of this action with prejudice for failure to prosecute and failure to obey an order of this court. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Zow v. Regions Financial Corp.*, - - - Fed. Appx. - - - , 2014 WL 6981070 (11th Cir. 2014)(finding that the district court did not abuse its discretion by dismissing an action with prejudice after the

---

[1] Lampkin attended her deposition.

>plaintiffs were given two warnings that their case would be dismissed if they did not participate in the Rule 26(f) discovery planning conference, their subsequent disregard of those warning, and failure to participate).

(Doc. 52)

On March 24, 2014, defendants filed their second motion to dismiss which is now pending before the Court (doc. 55).  Defendants move to dismiss on basis that Chapman has failed to prosecute the action and now had failed to comply with this Court's order. Defendants assert that Chapman and D.C. again failed to appear for their noticed deposition on the agreed upon date of March 20, 2015 in Montgomery, Alabama.  Defendants point out that at the deposition, Chapman's counsel stated that he had advised Chapman as to the importance of the deposition but did not know whether extraordinary circumstance prevented her and D.C. from attending (doc. 55-6, Deposition Transcript, p. 8-9).

The Court entered an order giving Chapman the opportunity to show cause why her action should not be dismissed with prejudice for failure to prosecute and failure to obey an order of this Court (doc. 56).   The Court found that Chapman had failed to attend two depositions, the latter of which occurred after the Court had ordered her to attend.  The Court also stated that a clear pattern of delay or willful contempt appeared to have developed and if so, no lesser sanction than dismissal would suffice.

In response, Chapman's counsel asserts that he iterated to Chapman the significance and importance of attending the deposition but after that conversation, she did not respond to phone calls, text messages, or attempts to contact her at home (doc. 57, p. 2).[2]  However, Chapman argues that dismissal with prejudice would be injurious to the claims and rights of the minor D.C., and requests that in the interest of justice and fairness, that D.C. "be able to maintain this

---

[2] Chapman's request for oral argument on the motion is denied (doc. 57, p. 2). The Court has sufficient information upon which to base its decision.  Therefore, oral argument would not be helpful to the Court.

3

action on her rights six months past the date that she reaches the age of majority (19 years old) in accordance with Alabama law" (*Id*.)

In reply, Defendants point out that after Chapman's counsel apprised her of the significance and importance of attending the deposition, Chapman and D.C. willfully failed to attend and failed to abide by the Court's order to attend (doc. 58). Defendants argue that the action has been pending for over eighteen months[3] and that dismissal without prejudice should not be allowed at this late stage. Defendants argue that summary judgment motions are due April 10, 2015, but because Chapman and D.C. have not been deposed, defendants are prejudiced in their ability to defend. Defendants also assert that there is no provision of law by which this Court may extend the statute of limitations applicable to the minor D.C. [4]

Rule 37(d)(1)(A)(1) of the Federal Rules of Civil Procedure provides that the Court may order sanctions for a party's failure to appear at their own deposition, after being served with proper notice. Among the sanctions available is the dismissal of an action.[5] However, the Court may dismiss an action for failure to prosecute only where the plaintiff has shown a "clear pattern of delay or willful contempt" and the Court finds that no lesser sanction would suffice. *World Thrust Films, Inc. v. International Family Entertainment, Inc*., 41 F.3d 1454, 1456 (11th Cir.1995) ("This circuit has clearly stated that because dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear

---

[3] The complaint was filed on September 20, 2013 (doc. 1).

[4] The Court makes no determination as to the applicable statute of limitations and makes no finding as to whether D.C.'s claims may be governed by Ala. Code § 6-2-8(a) addressing suspension of limitation periods based upon disabilities including minority.

[5] Rule 37(d)(3) states that the "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Subparagraph (v) provides for "dismissing the action or proceeding in whole or in part."

pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.")

Because Chapman has now twice failed to attend the depositions, with the second failure occurring after the Court ordered her to attend and warned her of the consequences, the Court finds that Chapman has shown a clear pattern of delay or willful contempt for the orders of this Court.  The Court further finds that lesser sanctions would not suffice in that Defendants have been prejudiced in defending this action and filing their motions for summary judgment because they have not deposed Chapman or D.C.  At this stage of the litigation, discovery has closed for all purposes and summary judgment motions are due April 10, 2015.  Thus, the Court finds that no lesser sanction than dismissal with prejudice would suffice. *See Zow v. Regions Financial Corp.*, - - - Fed. Appx. - - - , 2014 WL 6981070 (11th Cir. 2014) (finding that the district court did not abuse its discretion by dismissing an action with prejudice after the plaintiffs were given two warnings that their case would be dismissed if they did not participate in the Rule 26(f) discovery planning conference, their subsequent disregard of those warning, and failure to participate); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

**DONE** and **ORDERED** this 8th day of April 2015.

       <u>s / Kristi K DuBose</u>
       **KRISTI K. DuBOSE**
       **UNITED STATES DISTRICT JUDGE**